Sealed
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED
*October 06, 2021*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | CRIMINAL NO. 4:21-cr-267-S |
| § | |
| VINH QUANG PHAN, § | |
| DIANA LE PHAN, § | |
| BRANDEN DENVER RICHARDS, § | |
| DOUGLAS PAUL MICHAEL DAVIS, and § | |
| MICHAEL DEAN RICHARDS, § | |
| § | |
| Defendants. § | |

## SUPERSEDING CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to this Indictment:

1. Defendants VINH QUANG PHAN and DIANA LE PHAN were residents of Houston, Texas.

2. Together, VINH QUANG PHAN and DIANA LE PHAN owned and operated the following business entities: Reservoir Expert LLC, ResXP LLC, and VDNP Financial Tech LLC (collectively, the "PHAN businesses"). The PHAN businesses had been registered with the state of Texas by VINH QUANG PHAN, DIANA LE PHAN, or both.

3. VINH QUANG PHAN and DIANA LE PHAN opened and maintained control of bank accounts in their names and in the names of the PHAN businesses at more than ten banks. VINH QUANG PHAN and DIANA LE PHAN also opened and maintained control of virtual currency accounts in their names and in the name of ResXP LLC at Circle Internet Financial, Inc. and Coinbase.

4. VINH QUANG PHAN and DIANA LE PHAN told banks and virtual currency

1

exchangers when opening accounts that the PHAN businesses were in the fields of oil & gas technical services; wholesale distribution and shipping of cosmetics, perfume, supplements, dried food. and seafood; real estate investment; a restaurant; Bitcoin; software; and financial management.  In fact, VINH QUANG PHAN and DIANA LE PHAN used the accounts at least in part to operate an unlicensed money transmitting business, which transmitted funds received in the form of U.S. currency ("bulk cash") from one person to another, from one location to another, and from one form to another.  VINH QUANG PHAN and DIANA LE PHAN received compensation for these unlicensed money transmitting services.  VINH QUANG PHAN and DIANA LE PHAN paid compensation to co-conspirators who aided and abetted these unlicensed money transmitting services.

5. Between no later than January 1, 2020, and April 20, 2021, the unlicensed money transmitting business described in this indictment transmitted more than $32,000,000, which funds were initially received in the form of bulk cash.

6. At least some of the bulk cash received and transmitted by the unlicensed money transmitting business—including bulk cash received from BRANDEN DENVER RICHARDS, DOUGLAS PAUL MICHAEL DAVIS, and MICHAEL DEAN RICHARDS—constituted proceeds of illegal activity, specifically proceeds from the trafficking, distribution, and sale of controlled substances.

7. VINH QUANG PHAN and DIANA LE PHAN used their residence located at 16202 Brinton Court, Houston, Texas 77095, to operate and facilitate the unlicensed money transmitting business described in this indictment.

Licensing and Registration Requirements

8. The state of Texas requires a person engaging in the business of money transmission to obtain a money transmission license from the Texas Department of Banking. Tex. Fin. Code § 151.302. Failure to comply with this licensing requirement is a felony offense under Texas criminal law. Tex. Fin. Code § 151.708.

9. Federal law requires a person who owns or controls a money transmitting business to register the business with the Secretary of the Treasury within 180 days of the date the business is established. 31 U.S.C. § 5330(a)(1)(B).

10. At the times material to this Indictment, the following persons and entities were not licensed to engage in money transmission by the State of Texas: VINH QUANG PHAN, DIANA LE PHAN, Reservoir Expert LLC, ResXP LLC, and VDNP Financial Tech LLC.

11. At the times material to this Indictment, the following persons and entities were not registered as a money transmitting business with the United States Treasury Department: VINH QUANG PHAN, DIANA LE PHAN, Reservoir Expert LLC, ResXP LLC, and VDNP Financial Tech LLC.

**COUNT ONE**
**(Conspiracy to Operate an Unlicensed Money Transmitting Business)**

12. From at least on or about August 1, 2019, through on or about April 21, 2021, in the Southern District of Texas and elsewhere, defendants

**VINH QUANG PHAN, and**
**DIANA LE PHAN,**

and others known and unknown to the Grand Jury did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree together with each other to commit an offense against the United States, that is, to violate Section 1960 of Title 18, United States Code.

13. It was a part and an object of the conspiracy that the defendants VINH QUANG

3

PHAN, DIANA LE PHAN, and others known and unknown to the Grand Jury would and did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, in violation of Section 1960 of Title 18, United States Code.

## Manners and Means

14. Among the manners and means by which the defendants VINH QUANG PHAN, DIANA LE PHAN, and others known and unknown to the Grand Jury would and did carry out the conspiracy were the following:

   a. Co-conspirators including VINH QUANG PHAN, DIANA LE PHAN, and others known and unknown to the Grand Jury would receive bulk cash to be transmitted.

   b. The bulk cash would be transmitted to a different location and to a different person. The transmission would occur by:

      i. VINH QUANG PHAN and DIANA LE PHAN driving the bulk cash cross-country.

      ii. Co-conspirators including VINH QUANG PHAN, DIANA LE PHAN, and others known and unknown to the Grand Jury introducing the bulk cash into the banking system for transmission through bank accounts, virtual currency accounts, and the purchase and transfer of virtual currency.

   c. To introduce the bulk cash into the banking system, the co-conspirators listed above would deposit the bulk cash or cashier's checks purchased with the bulk cash into accounts belonging to co-conspirators including VINH QUANG PHAN, DIANA LE PHAN, and others known and unknown to the Grand Jury. Funds traceable to the bulk cash would then be transferred through several accounts belonging to these co-conspirators before being transferred to virtual currency exchangers and used to purchase virtual currency. This virtual currency was

then transferred to digital wallets owned and controlled by VINH QUANG PHAN and DIANA LE PHAN, who would then sell the virtual currency for bulk cash in an end location different than the location where bulk cash was initially received. Co-conspirators would then deliver the bulk cash or cause the bulk cash to be delivered to an end recipient different than the initial source of the bulk cash.

        d.     As part of the money transmission process, co-conspirators including VINH QUANG PHAN, DIANA LE PHAN, and others known and unknown to the Grand Jury would allow bulk cash and funds traceable to bulk cash to pass through their financial accounts and virtual currency accounts. If asked by bank employees or employees at virtual currency exchangers about the source of the bulk cash or the nature of the pass-through activity, these co-conspirators would fabricate explanations of commercial activity that had not occurred.

Overt Acts

15.    In furtherance of the conspiracy and to affect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of Texas and elsewhere.

**Establishment of Shell Companies**

16.    On or about March 11, 2020, VINH QUANG PHAN and DIANA LE PHAN registered VDNP Financial Tech LLC with the state of Texas.

17.    On or about March 10, 2020, co-conspirator "N.N." registered NNDP Enterprise LLC with the state of Texas.

**Openings of Bank Accounts for Use by Unlicensed Money Transmitting Business**

18.     Between on or about December 23, 2020, and on or about June 4, 2020, VINH QUANG PHAN and DIANA LE PHAN opened bank accounts in their names and in the names of the PHAN businesses at Comerica Bank, East West Bank, American First National Bank (AFNB), Southwestern National Bank, Wells Fargo Bank, Golden Bank, Capital One Bank, Prosperity Bank, and Regions Bank.  These accounts were used by the unlicensed money transmitting business described in this indictment.

19.     Between on or about March 16, 2020, and on or about May 7, 2020, co-conspirator "N.N." opened bank accounts in the name of "N.N." and in the name of the business, NNDP Enterprise LLC, at BBVA Compass Bank, JP Morgan Chase Bank, AFNB, Comerica Bank, Regions Bank, and Wells Fargo Bank.  These accounts were used by the unlicensed money transmitting business described in this indictment.

**Openings of Virtual Currency Accounts for Use by Unlicensed Money Transmitting Business**

20.     Between on or about January 7, 2020, and on or about April 21, 2020, VINH QUANG PHAN, DIANA LE PHAN, and others known and unknown to the Grand Jury opened virtual currency accounts with Circle Internet Financial, Inc.  These accounts were used by the unlicensed money transmitting business described in this indictment.

21.     Between on or about November 28, 2019, and on or about October 11, 2020, VINH QUANG PHAN, DIANA LE PHAN, and others known and unknown to the Grand Jury opened virtual currency accounts with Coinbase.  These accounts were used by the unlicensed money transmitting business described in this indictment.

**All in violation of Title 18, United States Code, Section 371.**

## COUNT TWO
### (Operation of an Unlicensed Money Transmitting Business)

22. From at least on or about August 1, 2019, through on or about April 21, 2021, in the Southern District of Texas and elsewhere, defendants

**VINH QUANG PHAN, and
DIANA LE PHAN,**

aiding and abetting others known and unknown to the Grand Jury, did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, (a) without an appropriate money transmitting license in a state, that is: Texas, where such operation is punishable as a misdemeanor and a felony under State law, (b) while failing to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section, that is: failing to register as a money transmitting business under federal law, and (c) involving the transportation and transmission of funds that were known to the defendants to have been derived from a criminal offense and intended to be used to promote or support unlawful activity, that is: the trafficking, distribution, and sale of controlled substances.

**All in violation of Title 18, United States Code, Sections 1960 & 2.**

## COUNT THREE
### (Conspiracy to Launder Monetary Instruments and to Engage in Monetary Transactions in Criminally Derived Property)

23. From at least on or about August 1, 2019, through on or about April 21, 2021, in the Southern District of Texas and elsewhere, defendants

**VINH QUANG PHAN,
DIANA LE PHAN,
BRANDEN DENVER RICHARDS,
DOUGLAS PAUL MICHAEL DAVIS, and
MICHAEL DEAN RICHARDS**

did knowingly combine, conspire, and agree with each other and with other persons known and

unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

      a.     to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), with the intent to promote the carrying on of such specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

      b.     to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the unlawful operation of an unlicensed money transmitting business and the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

      c.     to knowingly engage and attempt to engage, in monetary transactions by,

through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is: the purchase of cashier's checks from financial institutions or the deposit, withdrawal, or transfer of funds between financial institutions, such property having been derived from a specified unlawful activity, that is, the unlawful operation of an unlicensed money transmitting business and the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1957.

**All in violation of Title 18, United States Code, Section 1956(h).**

## COUNT FOUR
### (Laundering of Monetary Instruments)

24.     On or about December 1, 2019, within the Southern District of Texas and elsewhere, the defendant,

**DIANA LE PHAN,**

did knowingly conduct, cause to be conducted, and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the receipt of approximately $100,000 U.S. currency from Individual A in Houston, Texas, knowing that the money involved in or to be involved in the transaction represented proceeds of some form of unlawful activity, and the money involved in or to be involved in was in fact proceeds of a specified unlawful activity, that is: the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), (1) with the intent to promote the carrying on of such specified unlawful activity, and (2) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), & 2.

## COUNTS FIVE THROUGH ELEVEN
### (Monetary Transactions in Criminally Derived Property)

25. On or about the dates identified below, within the Southern District of Texas and elsewhere, the defendants,

**VINH QUANG PHAN, and
DIANA LE PHAN,**

did knowingly engage, attempt to engage, and cause each other and others to engage in monetary transactions affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of funds from and to the financial institutions identified below, such property having been derived from the specified unlawful activity identified below.

| Count | On or About Date | Monetary Transaction | Specified Unlawful Activity |
|---|---|---|---|
| 5 | April 29, 2020 | ACH Transfer of $27,450 from JP Morgan Chase Account x2057 to TD Ameritrade Account x9205 | (a) The unlawful operation of an unlicensed money transmitting business<br><br>(b) The felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act) |
| 6 | May 27, 2020 | Wire Transfer of $50,000 from JP Morgan Chase Account x2057 to Coinbase Account with User ID 5e8de81ee40a9c1a70f0fc96 | The felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act) |

| Count | On or About Date | Monetary Transaction | Specified Unlawful Activity |
|---|---|---|---|
| 7 | May 28, 2020 | ACH Transfer of $30,000 from JP Morgan Chase Account x2057 to TD Ameritrade Account x9205 | (a) The unlawful operation of an unlicensed money transmitting business<br><br>(b) The felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act) |
| 8 | June 10, 2020 | ACH Transfer of $150,000 from JP Morgan Chase Account x2057 to TD Ameritrade Account x9205 | (a) The unlawful operation of an unlicensed money transmitting business<br><br>(b) The felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act) |
| 9 | June 10, 2020 | ACH Transfer of $50,000 from JP Morgan Chase Account x2057 to TD Ameritrade Account x9205 | (a) The unlawful operation of an unlicensed money transmitting business<br><br>(b) The felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act) |
| 10 | April 14, 2021 | Wire Transfer of $180,000 from AFNB Account x3677 to Signature Bank Account belonging to Enigma Securities Ltd. | The felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act) |

| Count | On or About Date | Monetary Transaction | Specified Unlawful Activity |
|---|---|---|---|
| 11 | April 19, 2021 | Negotiation of $10,175 check written to Individual B on AFNB Account x3677 | The felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act) |

**All in violation of Title 18, United States Code, Sections 1957 & 2.**

## NOTICE OF FORFEITURE
## 18 U.S.C. § 982(a)(1)

26.     Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives the defendant notice that in the event of conviction of an offense in violation of Title 18, United States Code, Sections 1956, 1957, or 1960, the defendants,

**VINH QUANG PHAN,
DIANA LE PHAN,
BRANDEN DENVER RICHARDS,
DOUGLAS PAUL MICHAEL DAVIS, and
MICHAEL DEAN RICHARDS**

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

### Property Subject to Forfeiture

27.     The property subject to forfeiture includes, but is not limited to, the following:

    a.     The real property, including all improvements and appurtenances, located at 16202 Brinton Court, Houston, Texas 77095, and legally described as:

    LOT FOUR (4), IN BLOCK NINE (9) OF COPPER VILLAGE, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 357023 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

    b.    $1,493.82 seized from AFNB Account x3359 in the name of ResXP LLC.

    c.    $19,944.75 seized from AFNB Account x3677 in the name of VDNP Financial Tech LLC.

    d.    $2,374.84 seized from AFNB Account x2638 in the name of VINH QUANG PHAN and DIANA LE PHAN.

    e.    $795.81 seized from Golden Bank Account x1847 in the name of VDNP Financial Tech LLC.

    f.    $794.70 seized from Golden Bank Account x1524 in the name of VINH QUANG PHAN.

    g.    $264.17 seized from Golden Bank Account x9718 in the name of VINH QUANG PHAN and DIANA LE PHAN.

    h.    $112,183.58 seized from TD Ameritrade Account x0069 in the name of VINH QUANG PHAN.

    i.    $99,287.37 seized from TD Ameritrade Account x4971 in the name of DIANA LE PHAN.

    j.    $6,096.44 seized from TD Ameritrade Account x0586 in the name of DIANA LE PHAN.

    k.    $7,433.52 seized from TD Ameritrade Account x7380 in the name of VINH QUANG PHAN.

    l.    $16,198.00 U.S. Currency Seized from 16202 Brinton Court, Houston, Texas, on April 21, 2021.

## Money Judgment

28.    Defendants are notified that upon conviction, the United States may seek a money judgment in the amount equal to the total value of the property subject to forfeiture. The amount of the money judgment is estimated to be, but is not limited to, approximately $32,000,000 in United States currency.

## Substitute Assets

29. If any of the property described above, as a result of any act or omission of the defendants,

    (A) cannot be located upon the exercise of due diligence;

    (B) has been transferred or sold to, or deposited with, a third party;

    (C) has been placed beyond the jurisdiction of the court;

    (D) has been substantially diminished in value; or

    (E) has been commingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A True Bill:

**Original Signature on File**

Grand Jury Foreperson

JENNIFER B. LOWERY
Acting United States Attorney

By: _____
Stephanie Bauman
Richard W. Bennett
Assistant United States Attorneys
713-567-9000